Nathaniel T. Helman, J.
Plaintiff moves for a temporary injunction. The action is based upon alleged violations by the defendant owner of the Emergency Housing Rent Control Law. While many broad charges appear in the motion papers concerning the conduct of the landlord in depriving the tenants of “ essential services ”, and interfering with their right of “ quiet enjoyment ”, the only claimed violation disclosed in the moving affidavit is the painting of white crosses on the windows of vacated apartments. Involved is section 35 (subd. 1, par. [a]) of the State Rent and Eviction Regulations, which reads as follows: “1(a) Until the accommodations become vacant the landlord shall maintain the same dwelling space, essential services, furniture, furnishings, and equipment as required under Section 24 unless and until he has filed an application to decrease the dwelling space, essential services, furniture, furnishings, or equipment and an order permitting a decrease has *355 been entered thereon by the Administrator.” It is not demonstrated that the painting of white crosses on windows is an action which violates any provision of the Emergency Housing Bent Control Law; nor may the failure of the landlord to rerent vacant apartments be deemed a violation of the quoted section, so as to authorize injunctive proceedings under subdivision 1 of section 11 of the Emergency Housing Bent Control Law (L. 1946, ch. 274, as amd.). It is clear from defendant’s affidavit that demolition of the building is contemplated, and it is to be expected that with a reduction of the tenancy some inconvenience will result, which does not necessarily entail a reduction in “ essential services ”. The defendant asserts that certificates of eviction have not yet been applied for since it is awaiting approval by the Department of Housing and Buildings of its filed plans, an essential element of such an application. The motion is denied.